IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDRE COLLINS,

    Petitioner,

v.                          Case No. 4:14cv294-RH/CAS

JULIE L. JONES, Secretary,
Department of Corrections,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS § 2254 PETITION AS UNTIMELY

On June 9, 2014, under the mailbox rule, Petitioner Andre Collins, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 7, 2014, under the mailbox rule, Petitioner filed an amended petition with leave of court and a memorandum in support of the petition. ECF No. 6, 7. Petitioner raises four claims for relief in his challenge to his convictions and sentences following a jury trial. Doc. 6. Respondent was ordered to file an answer, motion, or other

---

[1] The Clerk of Court shall substitute Julie L. Jones, secretary of the Department of Corrections, for Michael D. Crews. Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

response to the petition, ECF No. 14, and Respondent filed this motion to dismiss the petition as untimely on May 13, 2015. ECF No. 19.

The matter is referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). As explained in detail below, based on the pleadings and attachments before the Court, the undersigned has determined Respondent's motion to dismiss should be granted and the § 2254 petition should be dismissed as untimely.

## Background and Procedural History

Petitioner was charged on June 21, 2010, in the circuit court of the Second Judicial Circuit, Leon County, Florida, by amended information with one count of attempted sexual battery involving physical force likely to cause serious injury, one count of burglary of a dwelling with person assaulted, and one count of aggravated battery with a deadly weapon. Ex. A at 8.[2] Petitioner was found not guilty as to Count 1 and was found guilty as charged on Count 2, burglary, and Count 3, aggravated battery with a deadly weapon. Ex. A at 53-56. Petitioner was sentenced as a prison

---

[2] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion, ECF No. 19.

Case No. 4:14cv294-RH/CAS

release reoffender pursuant to the applicable provisions of section 775.082, Florida Statutes, to life in prison for the burglary and a concurrent 15 year prison term for the aggravated battery, with 506 days credit for time served. Ex. A at 57-68.

Petitioner appealed to the Florida First District Court of Appeal, which affirmed per curiam without a written opinion on October 20, 2011.  Ex. I.  No motion for rehearing was filed and the mandate was issued on November 15, 2011.  Ex. J; Collins v. State, 72 So. 3d 749 (Fla. 1st DCA 2011).

On January 9, 2012, Petitioner filed a pro se motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800(c).  Ex. K.  The motion was denied on January 13, 2012.  On January 11, 2012, Petitioner filed another pro se motion for reduction or modification of sentence under Rule 3.800(c), which was denied on January 27, 2012.  Ex. L.

Petitioner filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on October 15, 2012.  Ex. M at 1-16.  The trial court denied the motion, with explanation, on February 13, 2013.  Ex. M. at 17-18.  On appeal of this order to the state district court of appeal, the district court affirmed per curiam without written opinion on May

13, 2013. Ex. N. No motion for rehearing was filed and the mandate was issued on June 10, 2013. Ex. O.

On March 13, 2014, Petitioner filed a pro se petition for writ of habeas corpus in the circuit court of Walton County. Ex. P. The circuit court dismissed the petition on March 24, 2014, finding that it was an improper attempt to collaterally attack his judgment and sentence by way of habeas corpus or, if construed as a motion under rule 3.850, was improperly successive and filed in the wrong court. Ex. Q. Petitioner appealed pro se, but the state district court of appeal dismissed the appeal on May 13, 2014, after Petitioner failed to comply with an order to file an amended certificate of service. Ex. T, S.

Petitioner's original petition for writ of habeas corpus under § 2254 was filed in this Court on June 9, 2014, ECF No. 1, and an amended petition on August 7, 2014. ECF No. 6.

## Analysis

Respondent contends that the original § 2254 petition is untimely because it was filed after the AEDPA statute of limitations expired. ECF No. 19 at 6. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The time frame may commence later based on: the date on which an unconstitutional impediment preventing the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). The period is tolled for the time during which a properly filed application or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). The time may also be equitably tolled in rare cases, but "only if petitioner establishes <u>both</u> extraordinary circumstances and due diligence." <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the district court affirmed Petitioner's conviction and sentence without a written opinion, making discretionary review in the Florida Supreme Court unavailable to petitioner from the affirmance of his direct appeal. *See, e.g.*, <u>Jackson v. State</u>, 926 So. 2d 1262, 1265 (Fla. 2006). Therefore, his judgment became final under § 2244(d)(1)(A) when the 90-day time period for seeking certiorari review in the United States Supreme Court expired. The 90 days does not run from the mandate.

*See, e.g.*, Clay v. United States, 537 U.S. 522, 525 (2003).  The one year limitation period in this case therefore commenced on January 19, 2012, allowing 90 days for seeking certiorari review after the direct appeal became final on October 20, 2011, when the state district court of appeal affirmed Petitioner's convictions and sentences on direct review. The limitations period ran **untolled** for **270** days until Petitioner filed his Rule 3.850 motion on October 15, 2012.  This motion tolled the time for filing the § 2254 petition until the state district court of appeal affirmed his appeal from denial of his Rule 3.850 motion and issued the mandate on June 10, 2013.  Petitioner did not file his original § 2254 petition in this Court until June 9, 2014.  Therefore, the limitations period ran **untolled** for an additional **364** days until the filing of the § 2254 petition in this Court. Because substantially more than 365 days of untolled time ran before Petitioner filed his petition in this Court, his petition is untimely.[3]

Petitioner filed two Rule 3.800(c) motions for reduction or modification of sentence before he filed his Rule 3.850 motion.  Ex. K, L.  Both motions

---

[3] Stated another way, because the deadline for filing the § 2254 petition, absent any tolling, would have been January 18, 2013, addition of the 238 days of tolled time that occurred during the Rule 3.850 proceedings to the original deadline created a new AEDPA deadline of September 13, 2013. The § 2254 petition filed June 9, 2014, was filed 269 days after the extended AEDPA deadline passed.

Case No. 4:14cv294-RH/CAS

sought leniency in sentencing, and did not attack the constitutionality or legal correctness of the sentence.  Respondent contends that these motions to reduce or modify sentence did not toll the running of the AEDPA limitations period, citing Baker v. McNeil, 439 F. App'x 786 (11th Cir. 2011); *see also* Davis v. Barrow, 540 F.3d 1323, 1324 (11th Cir. 2008); *but see* Turner v. Sec'y, Dep't of Corr., 2016 WL 5660734 (N.D. Fla. Sept. 28, 2016) (appeal pending, Turner v. Sec'y, Dep't of Corr., No. 16-16691 (11th Cir. filed Oct. 25, 2016)), on the issue of whether dismissal as untimely was correct based on determination that Rule 3.800(c) motion was not a tolling motion).  It is not necessary to address in this order whether Respondent's position is well taken.  Even if the time that passed during the pendency of the Rule 3.800(c) motions for reduction or modification of sentence operated to toll the running of the limitations period, only 18 days were tolled for both motions—an insufficient number of days to affect the timeliness of Petitioner's § 2254 petition.

The petition for writ of habeas corpus that Petitioner filed after the denial of his Rule 3.850 motion did not toll the running of the limitations period because it was filed on June 9, 2014, long after the AEDPA limitations period had expired.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state court petition filed after the

expiration of the limitations cannot toll the period in which to file the § 2254 petition because that period is no longer remaining).

For these reasons, unless equitable tolling applies, the habeas petition filed in this Court is untimely and must be dismissed. Petitioner did not file a response to the motion to dismiss and has proffered no basis to find equitable tolling should be applied. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). It is "an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "The threshold to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Because no showing has been made, and none appears in the record, equitable tolling cannot apply in this case to excuse the untimely filing of the § 2254 petition in this Court. For all these reasons, the Respondent's motion to dismiss should be granted.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF 19) be **GRANTED**, **IN CHAMBERS** at Tallahassee, Florida, on November 14, 2016.


S/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**